UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANCIS AULETA, 98A7293,

                               Plaintiff,

                                                                            DECISION AND ORDER

                                                                            09-CV-6612L

                              v.

BRIAN FISCHER, et al.,

                               Defendants.
_____

       Plaintiff, Francis Auleta ("Auleta"), originally filed this action *pro se* alleging a violation of statutory provisions and constitutional amendments relating to the exercise of First Amendment rights.

       This Court referred all discovery matters to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b). Auleta engaged in extensive discovery practice for many months and numerous documents were provided to him. More recently, Magistrate Judge Payson did appoint counsel to represent Auleta (Dkt. #149). Since that time, there has been further litigation relative to prolix discovery requests.

       Motions to compel by Auleta and motion by defendants for a protective order were briefed concerning several issues. On September 16, 2011, from the bench, the Magistrate Judge granted in part and denied in part Auleta's motions relating to discovery. The Magistrate Judge's oral decision and order was also memorialized in a written order (Dkt. #196).

       By counsel, Auleta filed objections to the Magistrate Judge's various rulings (Dkt. #202) and by declaration (Dkt. #206), defendants responded. Plaintiff's counsel has also submitted a letter in the nature of a reply, dated October 19, 2011.

The proceedings before Magistrate Judge Payson on September 16, 2011 were recorded and that recording has been available to this Court for review.

The matters at issue involving decisions that the Magistrate Judge made relating to discovery do not require *de novo* review. Rather, pursuant Rule 72, FED. R. CIV. P., and 28 U.S.C. § 636(b), the Magistrate Judge's decisions and orders must be given deference and should not be reversed or vacated unless those decisions are clearly erroneous or contrary to law. After reviewing the matter, I believe Magistrate Judge Payson's decisions were sound, practical and well within the broad discretion afforded to her. In sum, those decisions are not clearly erroneous nor are they contrary to law because they fit within the broad range of matters left to the discretion of the Magistrate Judge.

In many instances, the Magistrate Judge directed the parties to confer further concerning requests for documents, especially since Auleta is now represented by counsel. Concerning Auleta's motion relating to admissions (Dkt. #137), the Magistrate Judge determined that many requests for admissions were poorly drafted, vague and in some cases indecipherable. Therefore, in spite of the fact the defendants had neglected to respond, the Magistrate Judge ordered certain defendants to resubmit their responses to admissions and, in other cases as reflected on the record, the Magistrate Judge found the responses to be adequate. The Magistrate Judge denied plaintiff's request that in other respects the request be deemed admitted. I do not believe that such a disposition was clearly erroneous.

The Magistrate Judge's decision to limit certain discovery temporally from 2007 which appears to be almost a year prior to commencement of this lawsuit appears sound and reasonable. The Magistrate Judge indicated that there had not been incidents prior to 2007 and, therefore, she declined to order further discovery prior to that time but did direct that discovery be supplemented up to the present. Such a decision was well within her discretion.

Auleta also claims the Magistrate Judge erred in not precluding evidence or imposing other sanctions. Those matters especially involve discretion, and I see no clear abuse in the Magistrate Judge's decision not to impose sanctions.

For these reasons, I agree with the Magistrate Judge's decisions set forth on the record on September 16, 2011, and I find those decisions not to be clearly erroneous or contrary to law and, therefore, I reject the Objections (Dkt. #202) and affirm the Magistrate Judge's Decision and Order of September 16, 2011 (Dkt. #196) in all respects.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 31, 2011.